UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE PATE,

          Plaintiff,

v.                                    Case No. 8:11-cv-1443-T-33AEP

MARK OBER, State Attorney,
STATE OF FLORIDA,

          Defendants.
_____

## **ORDER**

The Court has for its consideration pro se prisoner Plaintiff Dale Pate's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Pate's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that, for the following reasons, Plaintiff's complaint must be dismissed.

### **Plaintiff Pate's Allegations**

Pate contends that the Defendant(s) willfully and knowingly breached a contract with him, thereby violating his constitutional right to life, liberty and the pursuit of happiness. Pate claims that in February 2011, while Pate was incarcerated at the Orient Road Jail in

Hillsborough County, Florida,[1] Pate contacted Assistant State Attorney Anthony Falcone about another inmate, Jermaine Smith. According to Pate, Smith, who had been sentenced to ten years incarceration,[2] was committing perjury by fabricating documents so that Smith, who had pled guilty to second degree attempted murder, could claim that Smith had filed a pro se motion to withdraw his plea before he was sentenced, and that the Clerk never received his pro se motion. By Smith's doing so, Pate claims that Smith might be allowed to withdraw his guilty plea.

Pate claimed that he had the fabricated documents and offered to assist the state attorney by keeping a log of his discussions with Smith and by testifying in court about Smith's alleged pro se motion to withdraw his plea. In exchange for Pate's assistance, Pate contends "the State would be required to ensure Plaintiff's safety by transferring him to a prison in Daytona Beach and keeping him separated from Mr. Smith." Pate alleges that he "made clear that a transfer was mandatory." In addition, Pate claims that the State "would be required to contact the State Attorney for Pinellas County, Florida and convey Plaintiff's assistance and ask for consideration in any possible future resentencing in Plaintiff's case."

Pate says that because he did not receive a reply, he wrote Falcone another letter in April 2011, restating his previous offer of assistance in exchange for the transfer and resentencing consideration. Pate says that he advised Falcone that if he did not reply by the end of April, Pate would dispose of the fabricated documents. Falcone replied and

---

[1] Pate is serving a life sentence in the Florida Department of Corrections and was out of Department custody by Court order.

[2] Smith is incarcerated in the Florida Department of Corrections and was out of Department custody by Court order.

advised Pate that he would be transferred to Hillsborough County for an evidentiary hearing on June 6, 2011 to give sworn testimony regarding Smith's motion to withdraw his plea. Pate alleges that he wrote Falcone expressing Pate's concern for his safety and asked not to be transported with Smith.

On May 18, 2011, Pate was transported to Hillsborough County Jail for Smith's evidentiary hearing. Pate alleges that Hillsborough County intercepted and copied the fabricated documents with the intent of breaching its "agreement" with Pate. Pate contends that he accepted the risk of testifying against Smith, but that he expected the State to transfer him to Daytona Beach with the understanding that he would be kept separate from Smith. Pate claims that his life, and his family's life, is now at risk. Pate contends once he was transported, an agreement was in place and the State breached the agreement. Pate does not state whether an evidentiary hearing took place.

Pate seeks $50,000 in damages for breach of the agreement; $50,000 in punitive damages; costs and fees; and an order requiring the State to perform the terms of the agreement. Pate claims that because he was transferred to testify against Smith, he will be in fear of his life and safety in the future, and will have to serve his prison sentence in confinement for his protection.

## DISCUSSION

### Claims against State Attorney, Mark Ober

Although Pate names Mark Ober as a defendant, Pate does not allege any claims against him. In fact, Pate does not allege that Mark Ober knew about any "agreement." Therefore, any claims against Mark Ober will be dismissed.

**Money Damages Claims Against the State of Florida**

The Eleventh Amendment precludes certain suits by citizens against their own states in federal court. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 67 (1996); *Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n,* 226 F.3d 1226, 1231 (11th Cir. 2000). Eleventh Amendment immunity applies unless Congress validly abrogates that immunity or the state waives the immunity and consents to be sued. *Miller v. King*, 384 F.3d 1248, 1268 (11th Cir.2004); *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir.1990). It is well established that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979); *Cross v. State of Ala.*, 49 F.3d 1490, 1502 (11th Cir.1995). Additionally, Florida has not waived its sovereign immunity or consented to be sued in damage suits brought pursuant to § 1983. *Gamble v. Florida Dep't of Health & Rehab. Serv.*, 779 F.2d 1509, 1513 (11th Cir.1986); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir.1986); *Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir.1990).

Therefore, damages claims against the state of Florida will be dismissed.

**Injunctive Claims Against the Defendants**

Pate has not offered any proof that he had any agreement with the State Attorney or with the State of Florida. Pate's allegations regarding an agreement are conclusory. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir.

1984). Consequently, Pate's request that this Court enter "an order compelling the State to perform the terms of the agreement" will be denied.

**Request for Punitive Damages**

In *Al-Amin v. Smith*, 637 F. 3d 1192 (11th Cir. 2011), the Eleventh Circuit, citing *Harris v. Garner*, 190 F.3d 1279 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000), stated that "in the absence of physical injury, a prisoner is precluded from seeking punitive damages by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1329 (1996)" ("PLRA"). Pate has not alleged that he suffered any physical injury as a result of the "breached agreement."

Congress enacted the PLRA "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). To effectuate this purpose, Congress placed various restrictions on the ability of prisoners to seek judicial relief and the form such relief may take.

Included among these restrictions is 42 U.S.C. § 1997e(e), entitled "Limitation on Recovery." Title 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." As stated above, Pate's complaint does not allege a physical injury and Pate has not shown that he suffered an "actual injury" arising from the actions of the Defendants.

For the above reasons, the Court orders:

That Plaintiff's complaint is dismissed, without prejudice. The Clerk is directed to terminate all pending motions and to close this case.

ORDERED at Tampa, Florida, on July 5, 2011.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Dale Pate